UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA BAYS,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF KENNEWICK, KENNEWICK POLICE DEPARTMENT, BENTON COUNTY JAIL, OFFICER JOE JACKSON, ASSISTANT CITY ATTORNEY, CODEE L. McDANIEL, and JOHN and/or JANE DOES,<br><br>                Defendants. | NO: 2:17-CV-0310-TOR<br><br>ORDER GRANTING DEFENDANT BENTON COUNTY JAIL'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Benton County Jail's Motion to Dismiss (ECF No. 21). Defendant Benton County Jail filed the Motion on January 24, 2018. Plaintiff Linda Bays has not filed a response. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. As discussed below, the Motion is GRANTED.

//

ORDER GRANTING DEFENDANT BENTON COUNTY JAIL'S
MOTION TO DISMISS ~ 1

Defendant Benton County Jail requests the Court dismiss the action against it on two grounds. First, Defendant argues that "Benton County Jail is not a distinct legal entity, and as such it is not a proper party to this action." ECF No. 21 at 3. Rather, the proper party for suits arising out of the Benton County Jail must be Benton County itself. ECF No. 21 at 2. Second, Defendant argues Plaintiff has failed to state a claim for relief because she fails to assert any specific policy or procedure to justify *Monnell* liability. ECF No. 2 at 4-5 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). The Court agrees with Defendant on the first point, making the second point moot.

Defendant Benton County Jail is correct in its assertion that it is not the proper party to this suit: suits for actions involving Benton County Jail are properly brought against Benton County. *See Brandon v. Holt*, 469 U.S. 464, 472 (1985).[1] This is because municipal departments have "no greater separate identity from the [local government]" than do individual officers of the government entity acting in their official capacity" and thus cannot be sued in their own capacity. *Id.* As a result, the Court must dismiss Benton County Jail from the suit. *See e.g., Vance v. Santa Clara Co.*, 928 F. Supp. 993 (N.D. Cal. 1996) (dismissing Santa Clara

---

[1] The Court recognized this possibility in its Order Directing Service (ECF No. 8). ECF No. 8 at 4, n.4.

ORDER GRANTING DEFENDANT BENTON COUNTY JAIL'S
MOTION TO DISMISS ~ 2

Department of Corrections as an improper Defendant); *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) (dismissing police department and coroner's office because they are not distinct legal entities).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Benton County Jail's Motion to Dismiss (ECF No. 21) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, and terminate Defendant Benton County Jail from the docket.

**DATED** March 15, 2018.

THOMAS O. RICE
Chief United States District Judge